## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Norfolk Division)

| | |
|---|---|
| DTH CORPORATION | * |
| *Plaintiffs,* | * |
| v. | * |
| FCA US LLC | * |
| *Defendant.* | * |
| <u>Please Serve</u>:<br>C T CORPORATION SYSTSEM<br>4071 Cox Rd Ste 285<br>Glen Allen, VA 23060-6808, USA | * |

## **COMPLAINT**

Now into Court, through undersigned counsel, comes Plaintiff DTH Corporation and moves the Court for judgment against Defendant FCA US LLC based on the following facts and law:

## **JURISDICTION**

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiff is a citizen of Chesapeake, Virginia, and the Defendant, FCA US LLC is a corporation organized under the laws of Delaware with a principal place of business located in Auburn Hills, Michigan.  The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. §1331. Plaintiff DTH Corporation asserts a claim pursuant to the

Magnusson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312.  The amount in controversy exceeds $50,000.00.

## VENUE

3.  Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Norfolk Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4.  On November 7, 2022, Plaintiff purchased a 2022 Jeep Grand Wagoneer, from Southern Auto Group in Chesapeake, Virginia, an authorized warranty service and repair agent of the Defendant FCA US LLC. The Defendant FCA US LLC is the manufacturer of the vehicle that is the subject of this Complaint. The total delivered price was $118,099.09. VIN 1CASJVGP5NS189004. The defendant FCA US LLC issued expressed and implied warranties including the implied warranty of merchantability and fitness for a particular purpose.

5.  On October 23, 2023, Plaintiff went to Southern Auto Group located in Chesapeake, Virginia, due to the vehicle violently shaking, while driving. Plaintiff was backing out of his driveway on his way to visit his daughter 7 hours away, when the vehicle started to jerk violently rendering it unsafe to drive. The vehicle was out of service due to repair for a total of 32 days. Plaintiff does not trust the reliability and safety of the vehicle and desires to invoke The Lemon Law and/or The Virginia Motor Vehicle Warranty Enforcement Act.

## COUNT ONE –

## MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VIRGINIA CODE §59.1-207.9 ET SEQ. "*LEMON LAW*"

6. The allegations of paragraphs 1-5 are re-pled and incorporated herein by reference.

7. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act. (Hereinafter referred to as the "*Virginia Lemon Law*") Virginia Code §59.1-207.11. et seq, and have received due notice under the same statute.

8. The Virginia Lemon Law requires a manufacturer to "*make such repairs as are necessary to conform the vehicle to such warranty*" that are provided to the consumer.

9. Defendant FCA US LLC has been unable to repair the Plaintiffs vehicle after a reasonable number of attempts.  Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to their consumer… The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days*."  It is therefore presumed that the Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value and safety.

10. Plaintiff seeks to recover as damages the purchase price of the vehicle in the amount of $118,099.09 as well as all finance charges, all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs.  See, Virginia Code §59.1-207.14.

## COUNT TWO

## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S. CODE §2301)

11. The Plaintiff is a consumer as defined in U.S. Code §2301(3).  The Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

12. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition written warranty and implied warranty as contained in 15 U.S. Code §2301 - (7) respectively.

13. The limited warranty has failed its essential purpose and the Defendant has violated the Act due its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

14. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used, 28 U.S. Code §2308, 2310(d).

   WHEREFORE, Plaintiff DTH Corporation moves this Honorable Court to enter judgment in his favor against Defendant FCA US LLC in the amount of $118,099.09 as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, or a comparable replacement vehicle acceptable to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first attempt, post-

judgment interest, court costs, and all other damages, equity and /or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted

DTH Corporation

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@feinman.com